The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence Shuping which also include the additional depositions taken of Drs. Markworth and Grubbs. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 42 year old male, who for the last twenty-three and a half years has worked for defendant-employer Federal Paper Board and its successor in interest, International Paper Company. During his initial ten years there he was in production, but since 1982 has been a maintenance millwright responsible for installing pumps, motors and other types of equipment.
2. In December of 1986 plaintiff sustained a back injury that was admittedly compensable under the Workers' Compensation Act manifested by back and bilateral leg pain and numbness requiring him to undergo the corrective back surgery performed by Dr. Kernan in September of 1988. Although he was able to return to his regular millwright's job that same year; plaintiff continued to experience intermittent back and leg pain and by May of 1990 his condition had worsened requiring him to return to Dr. Kernan. Plaintiff was thereafter seen for the purpose of evaluation and/or treatment by a number of physicians because of his continuing problems, including as part thereof, Dr. Fishman, who did epidural injections for his resulting scar tissue.
3. In the Spring of 1993 plaintiff developed a non-work related back problem manifested by back and left leg pain requiring him to undergo a laminectomy at the L/5, S/1 level of his lumbosacral spine, which was performed by Dr. James Markworth, a Wilmington orthopedic surgeon.
4. Although with the strengthening exercises he underwent following surgery plaintiff continued to experience some soreness in his low back as well as his legs; Dr. Markworth released him to return to unrestricted work on August 16, 1993 with the caveat that he be very careful about body mechanics and lifting.
5. On the day (August 16, 1993) Dr. Markworth released him to return to unrestricted work, defendant-employer arranged for plaintiff to be examined by company physician, Dr. John W. Cromer, Jr. who was Medical Director of Occupational Health Services at Cape Fear Memorial Hospital in Wilmington and had an arrangement whereby he was to visit defendant-employer's premises weekly to evaluate any job-related injuries.
6. Based on his evaluation Dr. Cromer placed plaintiff on temporary limitations involving no repetitive bending, crawling, lifting, pushing or pulling above certain weights and recommended a functional capacity evaluation.
7. Based on Dr. Cromer's recommendations the premises company nurse subsequently scheduled a functional capacity evaluation at Work Returns and plaintiff underwent one there on August 18, 1993, which involved performing a number of physical activities designed to simulate the requirements of his regular millwright's job, including as part thereof, being required to push, lift and carry heavy items. Because defendant-employer required plaintiff to undergo the functional capacity evaluation as an incident to his continuing employment there and the same evaluation was reasonably designed to tend to show whether he was still capable of performing his regular millwright's job, the back injury he sustained during the four hour functional capacity evaluation not only arose out of and in the course of his employment, but was the direct result of a specific traumatic incident of the work assigned.
8. The physical activity associated with his undergoing the functional capacity evaluation of August 18, 1993 aggravated plaintiff's existing already symptomatic segmental instability at the L/5, S/1 level of his lumbosacral spine resulting in him experiencing some muscle spasms and some nerve root irritation and thereby the injury for which compensation is claimed. The injuries suffered during the functional capacity evaluation contributed to the need of the spinal fusion Dr. Markworth recommended and Dr. Stephen Grubb subsequently performed at the effected level. The plaintiff never recovered fully from the back injury sustained while undergoing the functional capacity evaluation and he remained under additional restrictions thereafter. The plaintiff's segmental instability in combination with the back injury sustained on August 18, 1993 required the fusion surgery recommended by Dr. Markworth and performed by Dr. Stephen Grubb.
9. On the 26 August 1996 the plaintiff underwent spinal surgery and lumbar fusion performed by Dr. Stephen Grubb, following evaluations by Dr. Grubb including myelogram, MRI, and discogram.
10. The plaintiff was out of work for the spinal surgery performed by Dr. Stephen Grubb from August 14, 1996 until April 21, 1997 when he returned to work as a millwright at his former place of employment and his former wage.
11. The average weekly wage of the plaintiff as of August 16, 1993 was $1,038 with a compensation rate of $442, the maximum allowable at the time of injury, August 1993.
12. For the time period August 14, 1996 to April 21, 1997 the plaintiff received short term disability payments from the defendants for which no premium or contribution had been made by the plaintiff.
13. Although the plaintiff has returned to work and is working without reduction in wage earning capacity, he has not reached the point of being rated or evaluated for permanency based on the surgery performed by Dr. Stephen Grubb on August 26, 1996.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident entitling him to compensation — N.C.G.S § 92-29 (6).
2. Plaintiff is entitled to Workers' Compensation as a result of the injury by accident from August 14, 1996 to April 21, 1997 at a rate of 442.00 per week. N.C.G.S 97-29.
3. Plaintiff is entitled to payment for medical expenses for all care and treatment of the injury sustained on August 18, 1993 and is entitled to continuing medical care for as long as necessary to effect a cure or give relief. N.C.G.S § 97-25.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation as a result of plaintiff's injury is GRANTED.
2. Plaintiff is entitled to Workers' Compensation as a result of the injury by accident from August 14, 1996 to April 21, 1997 at a rate of 442.00 per week.
3. Plaintiff is entitled to payment for medical expenses for all care and treatment of the injury sustained on August 18, 1993 and is entitled to continuing medical care for as long as necessary to effect a cure or give relief.
4. Defendants are entitled to a credit for disability payments made to plaintiff.
5. Counsel for plaintiff is entitled to an attorney fee of 25% of benefits received by plaintiff.
6. Defendant's motion for an opportunity to file contentions is DENIED.
7. Defendants shall pay cost.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/db